IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BOLIMA TAFAH,

 Plaintiff,

v.

               Civil No. 25-1408-BAH

LAKE VILLAGE TOWNHOMES ET AL.,

 Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER DENYING EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER (ECF 22) AND DENYING DEFENDANT LAKE VILLAGE TOWNHOMES' MOTION TO DISMISS (ECF 17) AS MOOT

Plaintiff Bolima Tafah ("Tafah"), proceeding pro se, filed a complaint on May 2, 2025 against Defendants Lake Village Townhomes ("Lake Village"), Orchards at Severn, LLC ("Orchards"), and RentGrow, Incorporated ("RentGrow"). ECF 1, at 1. Summons were issued and Lake Village, *see* ECF 10, RentGrow, *see* ECF 11, and Orchards, *see* ECF 12, were served. Counsel entered an appearance on behalf of Lake Village and filed a timely motion to dismiss the complaint. *See* ECF 17. On July 28, 2025, Plaintiff filed an amended complaint adding an additional plaintiff (Akwi Suna Epse Tafah AKA Ambele Nancy Akwi Suna) and adding Equifax Information Services, LLC ("Equifax") as a defendant. ECF 21. The amended complaint alleges fifty violations of federal and state law "spanning the period from July 2021 to August 2025." *Id.* at 9–16.[1] The allegations appear to relate to ongoing eviction proceedings related to Plaintiffs, as

---

[1] The amended complaint was timely filed as of right within 21 days after Lake Village filed its Motion to Dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B). Though served on Lake Village through ECF notice, the remaining defendants have not received it. Regardless, the amended complaint

well as a vehicle repossession and potential negative credit scores or "reckless" credit reporting. *Id.* at 2–9. Plaintiffs seek over thirty million dollars in damages. *Id.* at 27.

On July 30, 2025, Plaintiff also filed an "emergency motion" seeking a Temporary Restraining Order ("TRO") "enjoining Defendant Pioneer City Realty Company (Orchards at Severn) and its agents, including Apartment Services, Inc., from executing any eviction or lockout against Plaintiffs . . . " ECF 22, at 1 (the "TRO motion"). The TRO motion alleges that Plaintiffs received a letter on July 29, 2025 from "Apartment Services, Inc., a property management company that manages properties on behalf of [Orchards]." *Id.* The letter "directs Plaintiffs to vacate [their current residence] by August 13, 2025, and claims the decision is final and not subject to further discussion." *Id.* In sum, Plaintiffs detail their difficult financial circumstances, further accuses defendants of engaging in "fraud, misrepresentation, and retaliatory eviction practices," and seeks an order preventing "any eviction, lockout, or removal action against Plaintiffs." *Id.* at 3. Plaintiffs attach a letter from Apartment Services, Inc. reflecting that they "have received a 'Tenant Holding Over' judgment against [Plaintiffs] for repossession of our property" and noted that the eviction is "scheduled for Wednesday, August 13, 2025 at 10:00 a.m." ECF 22-1, at 1. Plaintiffs suggest that the eviction is in retaliation for the filing of their federal lawsuit. *Id.*

Motions for TROs (as well as for preliminary injunctions) are governed by Federal Rule of Civil Procedure 65. Under that rule:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

---

necessarily moots Lake Village's original motion to dismiss (ECF 17) because an amended pleading replaces and supersedes the original pleading, to which the motion was directed. *See, e.g., Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021); *Young v. City of Mt. Ranier*, 238 F.3d 567, 573 (4th Cir. 2001). As such, the pending motion to dismiss, ECF 17, is denied as MOOT and can, of course, be re-filed as to the amended complaint.

>  (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>  (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "The purpose of a TRO is to 'preserve the status quo only until a preliminary injunction hearing can be held.'" *ClearOne Advantage, LLC v. Kersen*, 710 F. Supp. 3d 425, 431 (D. Md. 2024) (quoting *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999)). TROs are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). They are not "awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). To succeed on a motion for a TRO, a movant "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (alteration in original) (citing *Winter*, 555 U.S. at 20).

Preliminarily, Plaintiffs' TRO motion arguably fails because they have not complied with the procedural prerequisites under Rule 65(b)(1). *See Womack v. Freedom Mortg.*, Civ. No. GJH-19-3182, 2019 WL 13401859, at *1 (D. Md. Nov. 13, 2019) (denying TRO for failure to comply with Fed. R. Civ. P. 65(b)(1)'s requirements); *TFFI Corp. v. Williams*, No. 13–cv-1809-AW, 2013 WL 6145548, at *3 (D. Md. Nov. 20, 2013) (same). Here, Plaintiffs have not filed an "affidavit or verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant[s] before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Though the amended complaint is accompanied by signed affidavits alleging that the

3

facts contained in the amended complaint are true and correct, *see* ECF 21-1, at 1 and ECF 21-3, at 1, both affidavits fail to establish why notice could not be provided to the affected defendants and, as with the amended complaint, do not address the question of immediate and irreparable loss. Indeed, the amended complaint does not reference the impending eviction or seek the relief sought in the TRO motion, namely the prohibition of eviction.

Even construing Plaintiffs' filings as compliant with Rule 65(b)(1), Plaintiffs have nonetheless failed to meet the four *Winter* factors and, most notably, have not demonstrated a likelihood of success on the merits. The amended complaint appears to allege numerous perceived irregularities with a specific state court eviction or rent case. *See* ECF 21, at 7 (alleging that "Lake Village may have deliberately filed Case No. D-01-CV-25-008295 in an improper venue, potentially as a strategic move[.]"). The amended complaint also catalogs a number of alleged defects with other state cases, all involving at least one of the named defendants and appearing to center on efforts to evict Plaintiffs from their residence at 1806 Long Leaf Way. *Id.* at 7–8. Plaintiffs also reference receiving "fliers at their door offering legal help during the eviction proceedings." *Id.* at 23. As such, it appears that granting Plaintiffs the relief they seek in the TRO motion would seemingly require enjoining ongoing state court eviction proceedings.[2]

---

[2] The Court takes judicial notice that case number D-01-CV-25-008295 is affiliated with a state district court action filed by Lake Village against plaintiff Bolima Tafah that closed on July 28, 2025 when it was voluntarily dismissed by Lake Village. Plaintiffs attach to their amended complaint a printed copy of the docket sheet from Case No. D-01-CV-25-008295 that does not include the recent dismissal. *See* ECF 21–25, at 1–4. However, the Court also takes judicial notice of *Pioneer City Rental Company v. Akwi Ambeleet et al.*, Case No. D-07-CV-25-012325, a tenant holdover action in state district court in Anne Arundel County. The electronic docket in the state case reflects that the matter involves the same address at the center of the TRO motion: 1806 Long Leaf Way, Severn, Maryland 21144. *See* ECF 21, at 27; ECF 22, at 3. Plaintiffs acknowledge in the amended complaint that this state court case is related to the federal allegations and allege that the case is "currently on appeal." ECF 21, at 7. The electronic docket in that case appears to reflect as much as a "notice of appeal to Circuit Court" is noted on June 9, 2025. Plaintiffs also attach to the amended complaint what appear to be documents related to additional state court

Under the Anti-Injunction Act, federal courts "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "Because none of these 'three specifically defined exceptions' applies to this case, the Court cannot enjoin the pending state [] proceeding." *Singletary v. Nationstar Mortg., LLC*, Civ. No. TDC-14-3204, 2016 WL 1089419, at *2 (D. Md. Mar. 21, 2016) (quoting *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)); *see also Thompson-McKoy v. UDR, Inc.*, Civ. No. 25-00611-JRR, 2025 WL 1884775, at *2 (D. Md. July 8, 2025) ("[U]nder the Anti-Injunction Act (28 U.S.C. § 2283) this court lacks jurisdiction to enjoin State court eviction proceedings."); *Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 641 (D. Md. 2015) (collecting cases where courts have concluded that the Anti-Injunction Act prevents a court from issuing injunctive or declaratory relief that would actually or effectively enjoin an ongoing foreclosure proceeding); *Howes v. SN Servicing Corp.*, Civ. No. CCB-20-670, 2023 WL 4532802, at *4 n.4 (D. Md. July 13, 2023) ("The court is obligated to raise the Anti-Injunction Act issue *sua sponte* because it deprives the court of subject matter jurisdiction over the plaintiffs' claim." (citing *Tucker*, 83 F. Supp. 3d at 641 n.4)). This bar applies regardless of the fact that Plaintiffs may raise claims under the Fair Housing Act. *See Stemmons v. Corso*, Civ. No. ELH-21-1035, 2022 WL 345041, at *4 (D. Md. Feb. 4, 2022) (collecting cases and noting that "judges in this District have applied the Anti-Injunction Act to deny requests for injunctions against eviction proceedings in cases lodging FHA claims."). Because the Court cannot grant the relief Plaintiffs seek in the

---

litigation related to 1806 Long Leaf Way. *See* ECF 21-16, at 1; ECF 21-17, at 1l; ECF 21-18, at 1; ECF 21-23, at 1; ECF 21-4, at 1.

motion, it must be denied.[3] *See Cade v. O'Sullivan*, Civ. No. GJH-19-3260, 2019 WL 6034990, at *1–2 (D. Md. Nov. 14, 2019) (denying a motion for a TRO seeking an injunction of state court foreclosure proceedings both on procedural grounds under Fed. R. Civ. P. 65(b)(1) and under the Anti-Injunction Act).

For these reasons, Plaintiffs' Emergency Motion for a Temporary Restraining Order, ECF 22, is **DENIED** and Defendant Lake Village Townhomes' Motion to Dismiss, ECF 17, is **DENIED** as moot.

/s/
Brendan A. Hurson
United States District Judge

---

[3] Additionally, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), this Court also declines to interfere in state court proceedings where (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. *See James v. Franklin Park at Greenbelt Station*, Civ. No. DKC-24-2058, 2024 WL 4011888, at *1 (D. Md. July 29, 2024) (declining to grant TRO staying eviction proceedings in the District Court of Maryland for Prince George's County pursuant to *Younger* abstention doctrine). The record reflects that Plaintiffs' "state court case[] commenced before this case and, pursuant to Md. Const. Art. IV, §§ 41A-411, [state court] (not this court) has exclusive jurisdiction in an action involving landlord and tenant, distraint, or wrongful detainer, regardless of the amount involved." *Id.*