IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BOLIMA TAFAH ET AL.,

 Plaintiffs,

v.

LAKE VILLAGE TOWNHOMES ET AL.,

 Defendants.

 *

 *

 *

 *

 * Civil No. 25-1408-BAH

 *

 *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Bolima Tafah and Akwi Suna Epse Tafah (also known as Ambele Nancy Akwi Suna) (together "Plaintiffs") brought suit against Lake Village Townhomes ("Lake Village"), Orchards at Severn, LLC ("Orchards"), RentGrow, Inc. ("RentGrow"), and Equifax Information Services LLC ("Equifax") (collectively "Defendants") alleging numerous claims arising from Plaintiffs' residential leases at Lake Village's and Orchards' respective properties. *See* ECF 21 (amended complaint). Pending before the Court are Lake Village's Motion to Dismiss (ECF 24), Orchards' Motion to Dismiss (ECF 28), Plaintiffs' Motion for Leave to File a Supplemental Pleading (ECF 34), and Lake Village's Motion to Strike (ECF 40). Several responses and replies to the pending motions have been filed. *See* ECF 33 (Plaintiffs' opposition to ECFs 24 and 28); ECF 36 (Lake Village's reply); ECF 37 (Lake Village's opposition to ECF 34); ECF 39 (Plaintiffs' reply).[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Plaintiffs' motion for leave to supplement is DENIED, Orchards' motion to dismiss is GRANTED, Lake Village's motion to

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

dismiss is GRANTED, Lake Village's motion to strike is DENIED as moot, and the amended complaint is dismissed without prejudice as to all four Defendants.

## I.    **BACKGROUND**

Plaintiffs filed the initial complaint against Lake Village, Orchards, and RentGrow on May 2, 2025. *See* ECF 1. Lake Village filed a motion to dismiss the initial complaint, ECF 17, which Plaintiffs opposed, ECF 20. Plaintiffs then filed an amended complaint, adding Equifax as a Defendant. ECF 21 (amended complaint). The Court then denied as moot Lake Village's motion to dismiss. *See* ECF 23. The amended complaint alleges that Defendants violated "over 50 separate . . . state and federal housing, consumer protection, civil rights, and fair credit reporting laws." ECF 21, at 2. Plaintiffs "demand compensatory and punitive damages totaling $31,765,000." *Id.* Plaintiffs also filed an emergency motion for a temporary restraining order and preliminary injunction seeking to prohibit Orchards from evicting them, ECF 22, which the Court denied, ECF 23. Lake Village and Orchards then each filed a motion to dismiss the amended complaint. ECF 24 (Lake Village); ECF 28 (Orchards). Plaintiffs opposed both motions, ECF 33, and filed a motion for leave to file a supplemental pleading, ECF 34. Lake Village filed a reply to Plaintiffs' opposition, ECF 36, and a response in opposition to Plaintiffs' motion to supplement, ECF 37. Plaintiffs also filed an "Exhibit Claims Test Proof that Counts III and XVI meet all Standards to state a plausible claim under IIED or FHA for Count XVII," ECF 38, along with a "Reply in further support of their opposition to Defendant Lake Village's Motion to Dismiss the Amended Complaint," ECF 38-1. Lake Village moved to strike those filings. ECF 40. The pending motions are now ripe for resolution.

## II.  ANALYSIS

### A.  Plaintiffs' Motion to Supplement (ECF 34)

Plaintiffs request leave to file a supplemental pleading. *See* ECF 34 (motion); ECF 34-2 (proposed supplement).  Lake Village opposes the motion on the grounds that the allegations in the proposed supplement "are frivolous because they do not pertain to any claim asserted against any defendant in this case," and the proposed supplement "is rife with allegations concerning occurrences and events that happened before the filing of the amended complaint" in violation of Rule 15(d).  ECF 37, at 4 (emphasis omitted).  The Court agrees with Lake Village and will deny Plaintiffs' motion.

Federal Rule of Civil Procedure 15(d) provides that the Court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d) (emphasis added).  Rule 15(d) aims to ensure "as complete an adjudication of the dispute between the parties as is possible."  6A Charles Alan Wright, Federal Practice & Procedure § 1504 (3d ed.).  The general rule is supplementation of pleadings is favored and should be granted absent futility, undue delay, bad faith, dilatory tactics, or unfair prejudice to the party to be served with the proposed pleading. *See id.*; *see also Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002) (instructing that leave to supplement "should be freely granted" and warrants denial only where there is a "good reason" for doing so (citation omitted)).  A proposed amendment to a complaint is futile "when the proposed amendment is clearly insufficient or frivolous on its face." *Miller v. Md. Dep't of Nat. Res.*, 813 F. App'x 869, 880 (4th Cir. 2020).

"Under Rule 15(d), the filing of a supplemental pleading is not available to the pleader as a matter of right but, rather, is subject to the court's discretion." *Wood v. Yancey*, No. 1:23CV462 (RDA/JFA), 2025 WL 2493327, at *2 (E.D. Va. Aug. 27, 2025) (quoting *U.S. ex rel. Gadbois v.*

*PharMerica Corp.*, 809 F.3d 1, 6 (1st Cir. 2015)). And it "is implicit in the logic of Rule 15(d) that a motion to supplement may be denied where the referenced events occurred before the filing of the original complaint." *Gadbois*, 809 F.3d at 7 (citing *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874–75 (9th Cir. 2010)).

Lake Village first asserts that the allegations in the proposed supplement are frivolous because they are irrelevant to the claims against the Defendants in this action. ECF 37, at 4. Plaintiffs "reject this characterization" because "the Supplemental Complaint was filed in good faith to address continuing events, newly arising facts, and retaliatory conduct." ECF 39, at 2. The Court agrees that the proposed supplemental pleading is frivolous and runs afoul of Rule 15(d).

First, the proposed supplement is forty-one pages long, and the amended complaint is already thirty pages (not including the thirty-four pages of attached exhibits, *see* ECFs 21-4–21-25). Supplementing the amended complaint would make the operative complaint over seventy pages long, nearly double the forty-page limit set forth in the Local Rules. *See* Loc. R. 103.1(d) (D. Md. 2025). Further, the proposed supplement includes wholly irrelevant information—including twenty pages of information about suits against non-party entities, which occurred long before the filing of the amended complaint, ECF 34-2, at 13–24, 31–37, as well as commentary on "[p]ublic confidence in the judiciary," *id.* at 8, and "historical and literary reference[s] from the Christian Bible," *id.* at 11. A supplemental pleading must conform to Rule 8, which requires that complaint allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see Malone v. Lewisburg USP*, Civ. No. ELH-17-2471, 2017 WL 6437188 (D. Md. Oct. 23, 2017) (dismissing a supplemented complaint for failure to comply with Rule 8), *aff'd*, 714 F. App'x 299 (4th Cir. 2018). The proposed supplement fails to meet this standard. And although Plaintiffs assert that

they have included this extraneous information to provide the Court with "the merits and contextual relevance of those separate proceedings," ECF 39, at 3, such information is irrelevant.

As Lake Village asserts, the proposed supplement is also "rife with allegations concerning occurrences and events that happened before the filing of the amended complaint," ECF 37, at 4, even though "Rule 15(d) plainly permits supplemental amendments to cover *events happening after suit.*" *Wood*, 2025 WL 2493327, at *2 (quoting *Griffin v. County School Board*, 377 U.S. 218, 226 (1964)) (emphasis in *Wood*); *see* ECF 34-2, at 2–9 (detailing events from May through July 2025). Plaintiffs assert that they include these events "to demonstrate a continuing course of conduct." ECF 39, at 3. Plaintiffs recount the filing of the original complaint in this action, their conversations with opposing counsel, and details of their state eviction court proceedings including certain "irregularities" Plaintiffs allege occurred in those proceedings, all of which happened prior to the filing of the amended complaint. *See* ECF 34-2, at 2–9. These allegations fail to demonstrate any continuing course of conduct by the Defendants as it relates to the pleaded claims. Further, only a few pages of the proposed supplement involve events that occurred *after* the filing of the amended complaint. *See id.* at 7 (alleging issues with the state eviction proceedings), at 10 (detailing Plaintiffs' eviction on August 13, 2025). These allegations do not supplement the claims against any defendant in this action but instead appear to take issue with state entities involved in Plaintiffs' eviction proceedings. *See id.* at 7 (alleging "undue interference by court administrators"), at 10 ("[T]he sheriffs commenced the eviction process prior to the scheduled time"), at 11 (alleging that "neither [the District or Circuit Court of Anne Arundel County] issued a valid warrant of restitution"). And the twenty pages related to non-parties to this case involve events that occurred as long ago as 2019. *See id.* at 13–15 (purchase of a vehicle in 2024 that was repossessed in April 2025), at 16–21 (purchase of a vehicle in 2019 that was repossessed in 2024),

at 21–24 (allegations related to Bolima Tafah's employment with three public school systems as long ago as 2020). As such, the proposed supplement violates Rule 15(d) and Plaintiffs' motion to supplement is denied. *Cf. Quarles v. Wells Fargo Bank, N.A.*, Civ. No. GJH-20-3200, 2022 WL 3290722, at *8 (D. Md. Aug. 11, 2022) (denying leave to amend when the proposed amended complaint was "full of superfluous material, and difficult to decipher").

As an alternative their requested relief, Plaintiffs informally seek to "file an amended complaint incorporating both the pre- and post-amendment facts." ECF 39, at 3. Putting aside Plaintiffs' failure to adhere to the rules for seeking leave to file another amended complaint, *see* Fed. R. Civ. P. 15(a)(2); Loc. R. 103.6 (D. Md. 2025),[2] Plaintiffs fail to note exactly what relevant pre- and post- amendment facts would be included in the proposed second amended complaint. They also fail to differentiate their proposed amended complaint from the supplemental pleading the Court has already rejected. *See, e.g., Francis v. Giacomelli*, 588 F.3d 186, 197 (4th Cir. 2009) ("[P]laintiffs failed to provide the district court with a means by which to determine whether the amendment would cure the defects in the initial complaint. In the[se] circumstances, we conclude that the district court did not abuse its discretion in failing to give the plaintiffs a blank authorization to 'do over' their complaint."); *Estrella v. Wells Fargo Bank, N.A.*, 497 F. App'x 361, 362 (4th Cir. 2012) (holding that a district court does not abuse its discretion by denying leave to amend where "the plaintiff fails to formally move to amend and fails to provide the district court with any proposed amended complaint"); *Hall v. JPMorgan Chase Bank N.A.*, Civ. No. JKB-19-2510, 2020 WL 1452132, *8 (D. Md. Mar. 25, 2020) (denying a plaintiff leave to amend to add

---

[2] Further, "parties cannot amend their complaints through briefing." *Nunez v. Eagles Beachwear & Swimwear of Myrtle Beach*, No. 4:24-CV-3002-JD-KDW, 2025 WL 1625592, at *4 (D.S.C. Feb. 19, 2025) (quoting *S. Walk at Broadlands Homeowner's Ass'n v. Openband at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013)), *report and recommendation adopted*, No. 4:24-CV-03002-JD, 2025 WL 1540585 (D.S.C. May 30, 2025).

new facts and new causes of action as procedurally improper where he "did not file a motion or submit a proposed amended complaint" and "merely expressed his wish to amend in his opposition brief"). Accordingly, the Court denies Plaintiffs' informal effort to amend the pleadings in the manner described in ECF 39.

To the extent Plaintiffs request that the Court consider their response to the motions to dismiss as a proposed second amended complaint, *see* ECF 33, at 5 (offering a "reorganization and clarification" of their claims), "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Mylan Lab'ys, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir.1984)). Regardless, the filing violates the Local Rule for pleadings as it is nearly fifty pages long, *see* Loc. R. 103.1(d) (D. Md. 2025), and, like the proposed supplement, raises grievances against entities and individuals that are not a party to this case. *See* ECF 33, at 12 (claim against Jennifer Clerk of Community Legal Services), at 29 (claim against Capital One and "ACA"), at 49 (claim against American Credit Acceptance, Capital One, and "Associated State Actors"). Although Plaintiffs are generally permitted to add new parties to an amended complaint, *see Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir.2010), and even construing their pro se request liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), Plaintiffs fail to clearly articulate who they wish to add to their suit, and why they wish to add them. Plaintiffs' myriad filings "place[]an unjustifiable burden on defendants to determine the nature of the claim[s] against them and to speculate on what their defenses might be," and "imposes a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, [and] generalizations." *Holsey v. Collins*, 90 F.R.D. 122 (D. Md.1981). Plaintiff's informal request to amend is denied.

### B.    Orchards' Motion to Dismiss (ECF 28)

Orchards moves to dismiss the amended complaint pursuant to Rule 12(b)(5) for insufficient service, or in the alternative, pursuant to Rule 12(b)(6) for failure to state a claim. ECF 28-1, at 3–8. Dismissal is warranted as to Orchards due to a failure to properly effectuate service.

Under Rule 12(b)(5), a defendant may challenge the validity of service by filing a motion to dismiss. When a defendant contests service, the burden rests with the plaintiff to establish valid service pursuant to Rule 4. *Miller v. Baltimore City Bd. of Sch. Com'rs*, 833 F. Supp. 2d 513, 516 (D. Md. 2011). Under Rule 4(m), a plaintiff must serve a defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). If a defendant is not served within that time, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* Rule 4(m) also provides that, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* In the context of Rule 4(m), "good cause" entails "some showing of diligence on the part of the plaintiffs." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019). Diligence exists "when the failure of service is due to external factors, such as the defendant's intentional evasion of service." *Id.*

"While pro se litigants are typically afforded greater leniency than represented litigants, '[p]ro se status . . . is insufficient to establish good cause' for failure to comply with Rule 4, 'even where the pro se plaintiff mistakenly believes that service was made properly.'" *Davis v. Balt. City Cmty. Coll.*, Civ. No. ADC-19-2194, 2019 WL 5636362, at *3 (D. Md. Oct. 31, 2019) (quoting *Tann v. Fisher*, 276 F.R.D. 190, 193 (D. Md. 2011)). "Although the court can 'construe Rule 4 liberally' when the service of process, even if technically deficient, provided actual notice to the defendant, the 'plain requirements' for effecting service of process cannot be ignored." *Harris v. Johns Hopkins Health Sys. Corp.*, Civ. No. ELH-23-701, 2023 WL 3624733, at *2 (D.

Md. May 23, 2023) (quoting *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006)); *see also Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 305 (4th Cir. 2016) ("Actual notice does not equate to sufficient service of process, even under the liberal construction of the rules applicable to a pro se plaintiff.").

Orchards contends that Plaintiffs failed to properly serve the original complaint, instead addressing the summons "to a non-party at [Orchards'] corporate office," and then failed to serve the amended complaint on Orchards "in any manner." ECF 28-1, at 4. Plaintiffs, however, assert that they "fully complied with the Clerk's instructions" to properly serve Orchards and also "went further by personally serving the Orchards leasing office with every filing." ECF 33, at 55–56.

Service of process on corporations and associations is governed by Fed. R. Civ. P. 4(h). Rule 4(h) provides, in relevant part, that a corporation, partnership, or association "must be served . . . in the manner prescribed by Rule 4(e)(1) for serving an individual," or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(A)– (B). Under Rule 4(e)(1), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Maryland law, "[s]ervice is made upon a limited liability company by serving its resident agent." Md. Rule 2-124(h). Service of process may be effected by personal delivery, "leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion," or by mailing these documents to the individual "by certified mail requesting: 'Restricted Delivery—show to whom, date, address of delivery.'" Md. Rule 2-121(a). When a

plaintiff proceeds in forma pauperis, the U.S. Marshal effects service of process on the plaintiff's behalf. *See* Fed. R. Civ. P. 4(c)(3).

The record shows that despite explicit instructions from the Court, Plaintiffs failed to serve the original complaint on Orchards' resident agent. After Plaintiffs filed the original complaint, the Court notified Plaintiffs that service could not be effected because the proposed summonses were deficient. *See* ECF 7, at 1. Further, because Plaintiffs proceed in forma pauperis, they were required to provide U.S. Marshal service of process forms but failed to do so. *Id.* at 2. The Court informed Plaintiffs that they must serve the resident agent for each Defendant and instructed Plaintiffs on how to obtain the resident agent information.[3] *Id.* The Court then directed the Clerk to send Plaintiffs three new summonses and blank U.S. Marshal forms for Plaintiffs to complete and return so that the U.S. Marshals could effect service of a summons and the complaint. *Id.* at 3.

Orchards' resident agent is listed on the Maryland State Department of Assessment and Taxation's ("SDAT's") website as "Michael E. Marino, Esquire, Levy & Marin, 609 Bosley Avenue, Towson, MD 21204."[4] However, the record reflects that Plaintiffs failed to include the correct resident agent information on the summons and U.S. Marshal form sent to the Clerk's office for service on Orchards. *See* ECF 9, at 1 (summons including incorrect resident agent information: "Blibaum & Associates, PA, 40 York Rd, Suite 300, Towson, MD 21204"); ECF 12,

---

[3] Specifically, the Court provided: "Service of process on corporations and associations may be made pursuant to Fed. R. Civ. P. 4(h). The summons and complaint are generally served on the resident agent, president, secretary, or treasurer. *See* Maryland Rule 2-124(d). Plaintiff may contact the office of the State Department of Assessments and Taxation at (410) 767-1330 or visit the website at https://egov.maryland.gov/BusinessExpress/EntitySearch to obtain the name and service address for the resident agent of a corporate defendant." ECF 7, at 2.

[4] Maryland Department of Assessments and Taxation ("SDAT"), Business Entity Search, https://egov.maryland.gov/businessexpress/entitysearch [https://perma.cc/KEB6-6DSE].

at 1 (U.S. Marshal form addressed to "Apartment Services Inc (The Orchards II), 216 Schilling Circle, Hunt Valley, MD 21031"). Accordingly, the U.S. Marshals served Plaintiffs' complaint against Orchards on Apartment Services, Inc. via certified mail to this address. Orchards asserts that Plaintiffs "failed to correctly serve Orchards" by not serving Orchards' resident agent. ECF 28-1, at 4.

Plaintiffs do not dispute that they failed to serve Orchards' resident agent but contend that service on Apartment Services, Inc. instead of Orchards' resident agent was nonetheless proper because Apartment Services, Inc. is Orchards' "managing agent." ECF 33, at 56. Plaintiffs, however, provide no evidence that Apartment Services, Inc. was authorized to accept service on behalf of Orchards, only asserting that it was named·on Plaintiffs' lease agreement "in connection with Orchards." *Id.* Indeed, Orchards confirms that "Apartment Services is the apartment community management community," and not a "person authorized to accept service" on Orchards' behalf. ECF 28-1, at 4. As such, Plaintiffs' service of the original complaint on Apartment Services, Inc. does not constitute proper service on Orchards. Plaintiffs further assert that Orchards was validly served because "every filing . . . was personally served on [Orchards] by Plaintiff Bolima Tafah." ECF 33, at 55. This method of service is still improper because "[w]hether under the Federal Rules or Maryland law, a party to the case may not effect service of process." *Ayres v. Ocwen Loan Servicing, LLC*, Civ. No. AW-13-1597, 2013 WL 4784190, at *2 (D. Md. Sept. 5, 2013) (citing Fed. R. Civ. P. 4(c)(2) and Md. Rule 2–123(a)). Plaintiffs thus failed to validly serve the original complaint on Orchards under Rule 4.

Moreover, there is no evidence in the record that Plaintiffs served Orchards (or any Defendant) with the amended complaint. "[A]n amended pleading supersedes the original pleading, rendering the original pleading of no effect." *Young v. City of Mount Ranier*, 238 F.3d

11

567, 573 (4th Cir. 2001); *see also Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"). And "[a] pleading filed after the original complaint," including an amended complaint, "must be served on every party." Fed. R. Civ. P. 5(a)(1)(B). Orchards contends that it only became apprised of the amended complaint "through a PACER search of the docket entries by its counsel." ECF 28-1, at 1. Plaintiffs do not respond to Orchards' argument regarding service of the amended complaint, thus conceding the point. *See United Supreme Council v. United Supreme Council of Ancient Accepted Scot. Rite for 33 Degree of Freemasonry*, 329 F. Supp. 3d 283, 292 (E.D. Va. 2018) ("Failure to respond to an argument made in a dispositive pleading results in a concession of that claim."). Based on the record before the Court and Plaintiffs' failure to respond to the argument, the Court concludes that Plaintiffs failed to properly serve Orchards with the amended complaint

Plaintiffs also fail to establish good cause for failing to serve Orchards. Plaintiffs first offer that any failure is attributable to the fact that Plaintiffs are "not fully versed in legal procedures." ECF 33, at 54. However, pro se status is insufficient to establish good cause for failure to comply with Rule 4. *See Davis*, 2019 WL 5636362, at *3. Plaintiffs further assert that it does not matter whether they served Orchards, Apartment Services, Inc., or Pioneer City Realty Company, another entity they claim is affiliated with Orchards, as long as Orchards was "placed on notice" that they were being sued. ECF 33, at 56 ("[I]f the service documents were received under at least one of these affiliated names, [Pioneer City Realty Company or Apartment Services, Inc.], [Orchards was] necessarily placed on notice[.]"). But notice is not the controlling standard, and "[a]ctual notice does not equate to sufficient service of process, even under the liberal construction of the rules applicable to a pro se plaintiff." *Scott*, 673 F. App'x at 305. Plaintiffs also argue that "the

absence of any further deficiency notice from the Clerk confirms that service was properly effected and accepted." ECF 33, at 56. This argument is unavailing. "A plaintiff proceeding in forma pauperis may rely on the United States Marshals Service to effect service, but [he or she] maintains responsibility for preparing and presenting summonses to the clerk that are addressed properly to each defendant." *Hammond v. N. State Acceptance, LLC*, No. 5:21-CV-376-FL, 2022 WL 22998563, at *2 (E.D.N.C. Oct. 18, 2022) (citing Fed. R. Civ. P. 4(b)-(c)(3)); *see Scott*, 673 F. App'x at 306 ("It is the plaintiff's responsibility to provide proper addresses for service." (alterations omitted) (quoting *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993))). Here, Plaintiffs knowingly presented an improperly addressed summons and U.S. Marshal form for service on Orchards, and their reasons for failing to properly serve Orchards do not show the diligence required to establish good cause. *Cf. Scott*, 673 F. App'x at 306–07 (ruling that a plaintiff did not demonstrate good cause where his service attempts lacked diligence).

The "plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Despite explicit instruction from the Court, Plaintiffs did not properly serve Orchards' resident agent and have failed to establish good cause for their failure to do so. Accordingly, dismissal of the amended complaint without prejudice as to Orchards is warranted.[5] *See Scott*, 673 F. App'x at 299 (finding that dismissal was appropriate when a pro se plaintiff failed to properly serve process "for the sole reason that [they] refused to follow the district court's specific instructions about how to find the proper service address for [the defendant]"); *Knox v. Amazon.com Servs., LLC*, Civ.

---

[5] The Court notes that the amended complaint also fails to include sufficient factual allegations to state a plausible claim against Orchards. *See* ECF 21, at 2–9. Plaintiffs instead offer little more than conclusory assertions and citations to caselaw to support their claims. Accordingly, dismissal of Plaintiffs' claims against Orchards is also appropriate under Rule 12(b)(6) in accordance with the same reasoning outlined in the section below. *See infra* Section II.C.

No. BAH-24-126, 2024 WL 4556902 (D. Md. Oct. 23, 2024) (finding dismissal appropriate where a pro se plaintiff purposefully served the wrong party despite the Court's instruction), *aff'd*, No. 24-2141, 2025 WL 1177249 (4th Cir. Apr. 23, 2025).

## C.    Lake Village's Motion to Dismiss (ECF 24)

Lake Village moves to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6), contending that the "factual allegations against Lake Village are entirely conclusory (and in some instances, totally non-existent)." ECF 24-1, at 7 (footnote omitted). The Court agrees with Lake Village's characterization and will grant the motion to dismiss.

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

Because Plaintiffs bring this suit pro se, the Court must liberally construe their pleadings, holding them to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. This leniency has its limits, though. "A court may not construct the plaintiff's legal arguments for him, nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Runge v. Barton*, No. CIVA 6:08-0231-GRA, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd*, 368 F. App'x 361 (4th Cir. 2010).

As Plaintiffs note, the "amended complaint references over fifty federal and state violations." ECF 21, at 9. However, to state a claim upon which relief can be granted, a plaintiff must do more than reference violations of law. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiffs fail to do so here.

In support of Plaintiffs' fifty claims, the amended complaint includes only eight pages of factual allegations, ECF 21, at 2–9, and then two tables spanning fifteen pages listing the alleged violations of law, *id.* at 9–23.[6] Plaintiffs bring twenty-one claims against Lake Village, but most of the factual allegations are merely "legal conclusion[s] couched as [] factual allegation[s]." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). As an example, paragraph one of Plaintiffs' factual summary states:

---

[6] The Court notes that Plaintiffs also appear to allege that non-parties to this case are liable for certain claims, and thus it is unclear why these claims are included in the amended complaint. *See* ECF 21, at 3 ¶ 4 (Jennifer Clerk), at 10 (Community Legal Services), at 15 (District Court), at 18 (Court Staff), at 20 (Legal Services Org).

**Deceptive Leasing Practices at Lake Village Townhomes** The bait-and-switch increase from $1,550 to $1,750 directly contradicts prior representations. Similar conduct was found actionable in *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 464 (D. Md. 2013), establishing liability under Maryland Consumer Protection Act for misrepresentations causing financial harm.

ECF 21, at 2 ¶ 1. The additional allegations against Lake Village are similarly vague and lack sufficient factual detail to state any claim. *See, e.g.*, *id.* at 3 ¶ 2 ("Posting public notices for minor rent delays contributed to a hostile housing environment."), ¶ 3 ("The refusal to accommodate postpartum recovery violated FHA reasonable accommodation requirements."), ¶ 5 ("Refusing source-of-income assistance from ACDS raises claims . . . ."), ¶ 6 ("Repeated denials based on incomplete or inaccurate records raises concerns . . . ."). These bare assertions fail to allege individual conduct that, if proven, would demonstrate any law was violated by Lake Village. As Lake Village notes, these sparse factual allegations do not support the myriad claims Plaintiffs bring against Lake Village, including alleged violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq., Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the intentional infliction of emotional distress ("IIED"). *See* ECF 24-1, at 7–9.

For example, the FHA prohibits any person "engaging in residential real estate-related transactions [from] discriminat[ing] against any person . . . because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. § 3605(a). To state a claim under the FHA, "a plaintiff must show direct evidence of discrimination or establish a prima facie case of discrimination." *Johnson v. Bank of Am., N.A.*, Civ. No. PX-17-3007, 2018 WL 3036470, at *3 (D. Md. June 15, 2018). While Plaintiffs describe Lake Village's alleged conduct in brief statements, such as "[r]efusal to accommodate postpartum recovery," "[r]etaliation after request for accommodation," or "[r]ejection of public housing assistance," ECF 21, at 17, these allegations

do "not meet the requisite pleading standard" as they are only "conclusory allegations of . . . discrimination with no facts averred in support." *Johnson*, 2018 WL 3036470, at *3.

Plaintiffs also allege that Lake Village "[r]eport[ed] false information to bureaus" in violation of § 1681s-2(b) of the FCRA. "To state a claim under § 1681s-2(b), a plaintiff must plead '(1) that [they] notified the [credit reporting agencies, or] CRAs of the disputed information; (2) that the CRAs notified [the defendant] of the dispute; and (3) that [the defendant] then failed to investigate and modify the inaccurate information.'" *Tyson v. Cap. One, N.A.*, Civ. No. DLB-25-1794, 2025 WL 3166795, at *2 (D. Md. Nov. 13, 2025) (quoting *Davenport v. Sallie Mae, Inc.*, 124 F. Supp. 3d 574, 581 (D. Md. 2015), *aff'd*, 623 F. App'x 94 (4th Cir. 2015)). The amended complaint does not contain any alleged facts in support of this cause of action.

Plaintiffs' FDCPA claim similarly fails. "To state a claim for relief under the FDCPA, a plaintiff's complaint must allege facts that show: '(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Queen v. LVNV Funding, LLC*, Civ. No. LKG-24-2237, 2025 WL 2532710, at *4 (D. Md. Sept. 3, 2025) (quoting *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 n.3 (4th Cir. 2012)). Plaintiffs do not allege anywhere in the amended complaint that Lake Village was a debt collector. And as noted by Lake Village, to the extent that Plaintiffs assert that Lake Village was a debt collector because it was collecting rent, that claim fails because "courts have noted that landlords and/or property management companies are not debt collectors within the meaning of the FDCPA when they are collecting their own debts." *Woods v. Brookside Pointe Apartments*, No. 623CV05108HMHJDA, 2023 WL 7928314, at *4 (D.S.C. Oct. 20, 2023) (citing *Ramsay v. Sawyer*

17

*Prop. Mgmt. of Md., LLC*, 948 F. Supp. 2d 525, 531 (D. Md. 2013)), *report and recommendation adopted*, No. CV62305108HMHJDA, 2023 WL 7924684 (D.S.C. Nov. 16, 2023).

Plaintiffs also do not sufficiently plead a claim of IIED. "To state a prima facie case of intentional infliction of emotional distress, a plaintiff must allege facts showing that: (1) the conduct in question was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the conduct and the emotional distress; and (4) the emotional distress was severe." *Rubino v. New Acton Mobile Indus., LLC*, 44 F. Supp. 3d 616, 624 (D. Md. 2014) (citing *Harris v. Jones*, 281 Md. 560, 380 A.2d 611, 614 (Md. 1977)). While Plaintiffs state that they suffered "[e]motional distress," ECF 21, at 10, this bare assertion fails to meet the extremely high bar of pleading an IIED claim, which requires plausible allegations that Lake Village engaged in conduct that was "so outrageous that it goes beyond all possible bounds of decency, and is regarded as atrocious, and utterly intolerable in a civilized community." *Williams v. Wicomico Cnty. Bd. of Educ.*, 836 F. Supp. 2d 387, 399 (D. Md. 2011) (quoting *Borchers v. Hyrchuk*, 126 Md. App. 10, 727 A.2d 388, 393 (Md. App. 1999)).

Plaintiffs also fail to state any claims of fraud against Lake Village, as they do not "state with particularity the circumstances constituting fraud" as required under Rule 9(b). For example, Plaintiffs allege that Lake Village engaged in fraud on the Court when it "failed to inform the court that it had rejected an offer from the Arundel Community Development Services (ACDS) to cure the outstanding rent balance." ECF 21, at 6 ¶ 16. Plaintiffs also allege Lake Village committed "[c]ommon law contract fraud" based on their "[r]efusal to honor agreed rental rate." *Id.* at 9. These brief allegations fail to identify the requisite information to state a fraud claim, including "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Weidman v. Exxon Mobil Corp.*,

18

776 F.3d 214, 219 (4th Cir. 2015) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)).

Lake Village also asserts that some of Plaintiffs' purported constitutional claims "fail as a matter of law." *See* ECF 24-1, at 10. The Court agrees. Plaintiffs allege a "violation of due process rights under the Fourteenth Amendment," ECF 21, at 5 ¶ 13, an allegation that is not, as plead, a cognizable claim against a private company like Lake Village. *United States v. Morrison,* 529 U.S. 598, 621 (2000) (noting "the time-honored principle that the Fourteenth Amendment, by its very terms, prohibits only state action"); *Webster Cnty. Lumber Co. v. Wayne*, 61 F. App'x 63, 66 (4th Cir. 2003) ("[I]t has been well-established for over a century that the Fourteenth Amendment restrains or controls only state actors, not private actors.").

As noted *supra,* in response to Lake Village's motion to dismiss, Plaintiffs provide a "reorganization and clarification of Plaintiffs' previously asserted" allegations, "structured into detailed, distinct counts." ECF 33, at 5. However, it bears repeating that "parties cannot amend their complaints through briefing" and therefore the additional facts provided in Plaintiffs' response "are not properly before the Court and cannot be considered." *Nunez,* 2025 WL 1625592, at *4 (quoting *S. Walk at Broadlands Homeowner's Ass'n,* 713 F.3d at 184); *see also Mylan Labs., Inc.,* 770 F. Supp. at 1068 ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Glenn v. Wells Fargo Bank, N.A.,* Civ. No. DKC-15-3058, 2016 WL 3570274, at *9 (D. Md. July 1, 2016) ("[A]llegations raised for the first time in response to a motion to dismiss are not properly considered by the court."). Plaintiffs also argue that their complaint should be liberally constructed because they are pro se. ECF 33, at 53. The Court has liberally construed the complaint but again notes that liberal construction has its limits; the Court "is not obliged to ferret through a [c]omplaint, searching for viable claims," *Wynn-Bey v. Talley,*

Civ. No. RWT-12-3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012), and it will not do so here. Plaintiffs' claims against Lake Village are dismissed.

### D.    RentGrow and Equifax

Review of the record reveals that Plaintiffs have failed to properly serve RentGrow and Equifax. Instead of serving the original complaint on RentGrow's resident agent, CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 820, Baltimore, Maryland 21202,[7] Plaintiffs instructed the U.S. Marshals to serve RentGrow at "400 5th Avenue, Waltham, MA 02451." *See* ECF 11, at 1. The signature on the certified mail "green card" showing delivery is illegible, so it is unclear who accepted service of the amended complaint at the address provided. *See id.* at 2. Plaintiffs also filed a "stipulation to extend time for defendant RentGrow, Inc. to respond to complaint" on July 1, 2025, agreeing to extend RentGrow's response deadline to July 18, 2025. ECF 15, at 1. However, RentGrow never responded to the original complaint, and Plaintiffs filed their amended complaint on July 28, 2025. *See* ECF 21. Plaintiffs never served RentGrow with the amended complaint. *See* ECF 21-1, at 1. (including only a proposed summons for Equifax).

As noted, Plaintiffs added Equifax as a Defendant to the amended complaint. ECF 21, at 1. And although Plaintiffs attached a proposed summons to the filing, it is incorrectly addressed to "2605 York Rd, Suite 201, Lutherville, Timonium, MD, 21093," ECF 21-1, at 1, instead of to Equifax's resident agent, CSC- Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 820, Baltimore, MD 21202.[8] Further, despite the Court's previous instruction that a U.S. Marshal

---

[7]     Maryland          SDAT,          Business          Entity          Search, https://egov.maryland.gov/businessexpress/entitysearch [https://perma.cc/KU9H-VCDB].

[8]     Maryland          SDAT,          Business          Entity          Search, https://egov.maryland.gov/businessexpress/entitysearch [https://perma.cc/ZH8L-NXZB].

form is required for service, Plaintiffs failed to attach the form to the amended complaint. *See* ECF 21-1, at 1. As a result, Equifax was never served with the amended complaint or apprised of the action.

Ordinarily, the Court could order Plaintiffs to show cause why the claims against RentGrow and Equifax should not be dismissed for insufficient service of process of the amended complaint. But doing so would be an exercise in futility because the amended complaint fails to state a claim against them. The amended complaint contains two allegations relating to RentGrow and Equifax, namely that their "[f]ailure to verify credit and eviction information prior to housing denial violates FCRA obligations," ECF 21, at 3 ¶ 8, and that "RentGrow and Equifax, by virtue of maintaining and disseminating harmful credit information, contributed significantly to Plaintiff Bolima Tafah's inability to secure stable employment and housing," *id.* at 23. As best the Court can tell, these factual allegations appear to correspond with Plaintiffs' claims under § 1681e(b) or § 1681i(a) of the Fair Credit Reporting Act ("FCRA"). *See id.* at 10 ("Denial of housing post-eviction based on credit report"), at 11 ("Failure to investigate disputed report").

Section 1681e(b) of the FCRA provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." A consumer reporting agency violates § 1681e(b) if "(1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy." *Dalton v. Cap. Associated Ind., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001).

Section 1681i(a)(1)(A) requires that, "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer" and the consumer notifies the agency, the agency shall "conduct a reasonable

reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" within 30 days of receiving the notice. "A claim under § 1681i requires showing that the [credit reporting agency] failed to respond or conduct a reasonable reinvestigation of the disputed items." *Jackson v. Warning*, Civ. No. PJM-15-1233, 2016 WL 7228866, at *8 (D. Md. Dec. 13, 2016) (internal citation omitted). However, "[t]he mere failure of a [credit reporting agency] to delete information does not raise a claim under § 1681i," as the statute "only requires the deletion of information if the reinvestigation reveals that the information is 'inaccurate or incomplete or cannot be verified.'" *Id.* (quoting 15 U.S.C. § 1681i(a)(5)(A)).

To support either claim under the FCRA "a plaintiff must demonstrate that the consumer report prepared by the credit reporting agency contains inaccurate information." *Johnson v. Experian Info. Sols., Inc.*, Civ. No. PWG-15-558, 2015 WL 7769502, at *8 (D. Md. Nov. 17, 2015) (collecting cases), *aff'd*, 670 F. App'x 778 (4th Cir. 2016). Although Plaintiffs assert that the credit information was "harmful," ECF 21, at 23, they do not contend that it was inaccurate or provide any facts detailing purported inaccuracies. *See Brown v. Experian Credit Reporting*, No. JKB-12-2048, 2012 WL 6615005, at *3 (D.Md. Dec. 17, 2012) ("In order to state a claim for failure to comply with § 1681e(b), Plaintiff must allege that a consumer report contained inaccurate information. The same is true of § 1681i(a)." (citation omitted)). Plaintiffs also do not allege that they disputed information in their credit reports, nor do they state that RentGrow or Equifax failed to follow reasonable procedures. Plaintiffs' two conclusory assertions are not enough to sustain their FCRA claims against RentGrow and Equifax.

Given that Plaintiffs have failed to serve RentGrow and Equifax despite the Court's explicit instructions on how to do so, and noting that they have failed to state a claim against them,

dismissal is warranted as to both Defendants. *See Lee v. Meyers*, Civ. No. ELH-21-1589, 2022 WL 252960, at \*7 (D. Md. Jan. 27, 2022) (declining to provide pro se plaintiffs with another opportunity to effect service because an extension would be futile since the complaint failed to state a claim); *see also Mallory v. Verizon*, No. 2:12-CV-02366 KM MAH, 2015 WL 404369, at \*3 (D.N.J. Jan. 29, 2015) (dismissing complaint instead of "work[ing] out a cooperative procedure to effect service of process" because it "patently fails to state a claim upon which relief can be granted and, even if properly served, [wa]s subject to immediate dismissal").

### E.    Lake Village's Motion to Strike (ECF 40)

Lake Village moves to strike Plaintiffs' "Exhibit Claims Test," ECF 38, and "[r]eply in further support to deny defendants' motion to dismiss amended complaint ECF 21," ECF 38-1, as improper surreplies. ECF 40. Because Plaintiffs characterize the filing as one made "in response to Defendant's Reply," ECF 38-1, at 3, the Court will construe it as a surreply. *Hall v. Prince George's Cnty.*, 189 F. Supp. 2d 320, 321 n.1 (D. Md. 2002) ("The court construes the document to be a surreply due to its explicit reference to the Defendant's Reply memorandum . . . ."). A surreply may not be filed without leave of court. Loc. R. 105.2(a) (D. Md. 2025) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."). Plaintiffs did not request to file a surreply, nor have they specified what new matters they needed to address from Lake Village's reply, and instead re-assert that they have stated plausible claims against Lake Village. *Cf. Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004) ("Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply."). Nevertheless, since the amended complaint is being dismissed in its entirety, the Court will deny as moot Lake Village's motion to strike. *Doe v. Bd. of Educ. of Prince George's Cnty.*, 982 F. Supp. 2d 641,

664 (D. Md. 2013) (denying as moot plaintiffs' motion for leave to file a surreply as well as defendants' motion to strike surreply and commenting that "surreplies are disfavored in this District and the surreply would not alter the Court's analysis") (alteration omitted) (quoting *Chubb & Son v. C & C Complete Servs., LLC*, 919 F. Supp. 2d 666, 679 (D. Md. 2013)), *aff'd*, 605 F. App'x 159 (4th Cir. 2015).

## III.  CASE CITATION ISSUES

The Court also observes that Plaintiffs cite to numerous cases in the amended complaint, *see* ECF 21, at 2–9, many of which appear to be inaccurate or non-existent. For example, Plaintiffs cite to "*Bourne v. Gatliff Building Co.*, 380 F.3d 848 (5th Cir. 2004)," a case that does not appear to exist. *Id.* at 3 ¶ 2. The closest match to this reporter information is *Matchett v. Dretke*, 380 F.3d 844 (5th Cir. 2004). Plaintiff also cites to "*Corey v. Secretary of Housing & Urban Dev.*, 719 F.2d 122 (5th Cir. 1983)," *id.* ¶ 5, and "*White v. Olathe Housing Auth.*, 1997 U.S. Dist. LEXIS 6029 (D. Kan. 1997)," *id.* ¶ 7, but the correct case names corresponding with the provided reporter information are *Baber v. Edman*, 719 F.2d 122 (5th Cir. 1983) and *Shakman v. Democratic Org.*, 1997 U.S. Dist. LEXIS 6029 (N.D. Ill. 1997). Given that the Court is dismissing the amended complaint, it will not require Plaintiffs to explain these citation issues. However, Plaintiffs are cautioned that courts have "routinely threatened to impose sanctions on litigants proceeding pro se who cite AI-hallucinated or otherwise nonexistent legal authority to support their positions," *Powhatan Cnty. Sch. Bd. v. Skinger*, No. 3:24CV874, 2025 WL 1559593, at *10 (E.D. Va. June 2, 2025) (collecting cases), and Plaintiffs may face consequences if they continue to cite to non-existent cases in future litigation.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to supplement, ECF 34, is DENIED, Orchards' motion to dismiss, ECF 28, is GRANTED, Lake Village's motion to dismiss, ECF 24,

is GRANTED, Lake Village's motion to strike, ECF 40, is DENIED as moot, and the amended complaint is dismissed without prejudice as to all four Defendants.

A separate implementing order will issue.

Dated: January 16, 2026

_____/s/_____
Brendan A. Hurson
United States District Judge